J-S09019-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE A. RUIZ | : | |
| | : | |
| Appellant | : | No. 1102 EDA 2023 |

Appeal from the PCRA Order Entered April 13, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0908941-1997

BEFORE: PANELLA, P.J.E., NICHOLS, J., and BECK, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED JUNE 11, 2024**

Appellant Jose A. Ruiz appeals *pro se* from the order denying his second petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  On appeal, Appellant alleges ineffective assistance of counsel and that the PCRA court erred when it denied his request for post-conviction DNA testing.  We affirm.

The PCRA court set forth the following factual and procedural history:

On July 13, 1997, at approximately 7:30 pm, Hiram Rojas Cuba was shot multiple times in the head and chest, and he died on the sidewalk near the intersection of Hancock and Sommerset Streets in Philadelphia.  Two eyewitnesses to the shooting testified at the trial and identified [Appellant] as the shooter.  [Appellant] was approximately six feet away from the victim when he fired the first shot, and the follow-up shots were made while the shooter stood over the victim, who laid on the sidewalk.  After a bench trial, the [trial court] found [Appellant] guilty of first-degree murder and sentenced [Appellant] to life in prison without the possibility of parole.

---

[1] 42 Pa.C.S. §§ 9541-9546.

[Appellant] proceeded with the direct-appeal process, and, ultimately, his conviction was upheld by the Superior Court of Pennsylvania on September 23, 2004. ***Commonwealth v. Ruiz***, [3182 EDA 2003,] 863 A.2d 1231 (Pa. Super. 2004) [(unpublished mem.)]. The Supreme Court of Pennsylvania denied allocatur. ***Commonwealth v. Ruiz***, 881 A.2d 819 (Pa. 2005).

[Appellant] subsequently filed a timely petition pursuant to the [PCRA] in September [of] 2005. [Appellant] raised several claims of ineffective assistance of counsel, alleging that trial counsel failed to call two alibi witnesses, failed to preserve issues for appeal, and failed to file a motion to suppress certain evidence. After an evidentiary hearing, the [PCRA court] dismissed the PCRA petition on December 8, 2008. [Appellant] appealed the dismissal of his PCRA petition, and the Superior Court of Pennsylvania affirmed the [PCRA] court's ruling. ***Commonwealth v. Ruiz***, [42 EDA 2009,] 996 A.2d 15 (Pa. Super. 2010) [(unpublished mem.)]. The Supreme Court of Pennsylvania denied allocatur. ***Commonwealth v. Ruiz***, 3 A.3d 6[7]0 (Pa. 2010).

On April 3, 2020, [Appellant] filed the present petition/motion for DNA test [pursuant to] 42 Pa.C.S.[] § 9543.1. Although titled as requesting relief under Section 9543.1 relating to DNA testing, the contents of the petition raised issues beyond DNA testing which are more properly characterized as a second or subsequent PCRA.

The [PCRA court] issued a notice [of intent to dismiss] pursuant to [Pa.R.Crim.P.] 907 on April 25, 2022, wherein [Appellant] was given an opportunity to address identified defects in the portions of his petition asserting standard PCRA claims. At the subsequent video status conference on June 21, 2022, [Appellant] acknowledged receipt of the notice and he indicated that he did not intend to pursue any relief except for the DNA request. Following that status conference, the [PCRA court] entered an order dismissing the standard PCRA portions of the petition.

With regard to the DNA request pursuant to Section 9543.1, the [PCRA court] scheduled a second video status conference because [Appellant] indicated at the June conference that he had not yet received the Commonwealth's motion to dismiss [Appellant's]

petition for post-conviction DNA testing, which was filed on June 9, 2022.[2]

At the status conference on August 29, 2022, [Appellant] renewed his request for appointed counsel, which he first raised in his July 18, 2022 filing. Because this was a first petition seeking DNA testing, the [PCRA court] granted [Appellant's] request and appointed [Michael I. McDermott, Esq., (PCRA counsel) on Appellant's behalf.]

In a subsequent status conference, after reviewing the trial record, appointed counsel indicated to the [PCRA court] that the petition for DNA testing lacked legal merit. A subsequent court date was scheduled so that [Appellant] could be present in the courtroom. On February 16, 2023, at a court date attended by [Appellant] in person, [PCRA counsel] again indicated that the DNA testing request lacked legal merit. At that same time, [PCRA counsel] provided both the [PCRA court] and [Appellant] with a copy of the no-merit letter, which was subsequently e-filed on February 22, 2023. [PCRA counsel] also represented at the hearing that he had discussed this decision with [Appellant] prior to the status conference.

In response to [PCRA counsel's] no-merit letter, the [PCRA court] issued a second notice [of intent to dismiss] pursuant to [Pa.R.Crim.P.] 907 on February 24, 2023, which specifically identified the defect in the petition for DNA testing. [Appellant] filed a *pro se* response on March 24, 2023.[3] The [PCRA court] subsequently issued an order dismissing the petition for DNA testing on April 13, 2023.

---

[2] On August 9, 2022, the Commonwealth disclosed to Appellant that Philadelphia Police Department homicide Detectives Kenneth Fleming and John Rossiter were involved in his case and were subject to investigations following allegations of misconduct.

[3] In his Rule 907 response, Appellant noted that PCRA counsel had failed to address the issue regarding police misconduct by the officers involved in his case and argued that "there is an unconstitutional pattern and practice within the Philadelphia Police Department's Homicide Unit of threatening, coercing and falsifying statements, and tampering with evidence [that] could be grounds for a new trial." Appellant's Rule 907 Resp., 3/24/23, at 2.

PCRA Ct. Op., 5/26/23, at 1-4 (footnotes and some citations omitted and formatting altered).

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued an opinion addressing Appellant's claim.

Appellant sets forth the following issues for our review:

1. Whether PCRA counsel was ineffective under **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), for failing to investigate and raise a claim concerning the circumstances and the relevance of evidence relating to homicide detectives who were involved in investigating this case and have engaged in misconduct that necessitated disclosure by the Philadelphia District Attorney's Office under **Brady v. Maryland**, 373 U.S. 83 (1963)[?]

2. Whether the PCRA court committed error when it denied DNA testing in this matter under the particular circumstances of this case?

Appellant's Brief at 4 (some formatting altered).

### Ineffective Assistance of PCRA Counsel

In his first issue, Appellant contends that PCRA counsel was ineffective for failing to properly investigate the Commonwealth's disclosure concerning allegations of police misconduct against homicide detectives assigned to Appellant's case. **Id.** at 18. Appellant argues that the Commonwealth's disclosure constitutes an exception to the PCRA's jurisdictional time bar and that PCRA counsel "had a duty to conduct a reasonable investigation to determine whether there was a nexus between the misconduct histories of the

homicide detectives in this case and the methods which the evidence against [Appellant] was obtained." ***Id.*** at 22-23.

Preliminarily, we note that Appellant raises this issue for the first time on appeal. Our Supreme Court has held that after a PCRA court denies relief in a timely filed first PCRA petition a PCRA petitioner may, after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal. ***See Bradley***, 261 A.3d at 405; ***see also Commonwealth v. Stahl***, 292 A.3d 1130, 1136 (Pa. Super. 2023).

In reviewing an order denying a PCRA petition, our standard of review is well settled:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

The timeliness of a PCRA petition is a threshold jurisdictional question. ***See Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014); ***see also Commonwealth v. Ballance***, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition" (citation omitted and emphasis omitted)). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the

petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." **Commonwealth v. Jones**, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. **See id.** at 17; **see also** 42 Pa.C.S. § 9545(b)(3).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. **See** 42 Pa.C.S. § 9545(b)(2).[4] It is the petitioner's "burden to

---

[4] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented. **See** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies
*(Footnote Continued Next Page)*

allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered).

Further, any "exceptions to the time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal." *Commonwealth v. F. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007) (citation omitted); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

To establish the newly-discovered fact exception to the PCRA time bar, a petitioner must demonstrate that "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citation omitted). Due diligence requires that the petitioner take reasonable steps to protect his own interests. *Id.* A petitioner must explain why he could not have learned these "new facts" earlier with the exercise of due diligence. *Id.* Further, the newly-discovered fact exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered evidence claim. *Commonwealth v. Small*, 238 A.3d 1267, 1286 (Pa. 2020).

Our Supreme Court has repeatedly stated that "the newly-discovered facts exception to the time limitations of the PCRA, as set forth in [Section]

only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter.

9545(b)(1)(ii), is distinct from the after-discovered evidence basis for relief delineated in 42 Pa.C.S. § 9543(a)(2)." ***Commonwealth v. S. Burton***, 158 A.3d 618, 629 (Pa. 2017). For purposes of the timeliness exception, "the majority of our Supreme Court believes that while we need not find a 'direct connection' between the newly-discovered facts and the claims asserted by a petitioner, the statutory language requires there be some relationship between the two." ***Commonwealth v. Shannon***, 184 A.3d 1010, 1017 (Pa. Super. 2018) (citation omitted).

Here, it is undisputed that Appellant's instant petition is facially untimely, as it was filed more than fourteen years after his sentence became final in 2005. ***See*** 42 Pa.C.S. § 9545(b)(1). In his brief, Appellant claims that the Commonwealth's disclosure concerning police misconduct "is newly discovered evidence which were [sic] 'unknown' to [Appellant] and could not have been ascertained by the exercise of due diligence." Appellant's Brief at 22 (citation omitted and formatting altered).

Following our review of the record, we conclude that Appellant has failed to establish an exception to the PCRA time bar. As noted previously, while the newly-discovered facts timeliness exception at Section 9545(b)(1)(ii) does not require a "'direct connection' between the newly-discovered facts and the claims asserted by a petitioner," there must be "some relationship between the two." ***See Shannon***, 184 A.3d at 1017. Here, Appellant did not explain how the "new facts"—*i.e.* allegations concerning misconduct by Detectives Kenneth Fleming and John Rossiter of the Philadelphia Police Department—

were specifically related to his case. *See id.* Therefore, Appellant has failed to properly invoke the newly-discovered fact exception.

Further, although Appellant cites *Bradley*, we note that *Bradley* applies to timely first PCRA petitions. *See, e.g.*, *Stahl*, 292 A.3d at 1136. The decision in *Bradley* does not provide an avenue for relief from an order denying an untimely second PCRA petition. *See id.*; *see also Commonwealth v. Mead*, 646 MDA 2021, 2022 WL 984604, at *3 n.2 (Pa. Super. filed Apr. 1, 2022) (unpublished mem.) (holding that *Bradley* involved a timely first PCRA petition, and it did not apply to an appeal from an order denying an untimely PCRA petition).[5] As noted above, the instant appeal involves Appellant's second PCRA petition, which was untimely filed. Accordingly, Appellant's reliance on *Bradley* is misplaced as this Court has declined to extend the holding of *Bradley* to cases which involve an untimely second PCRA petition, and *Bradley* does not provide a basis to overcome the PCRA time bar. *See Commonwealth v. Aybar*, 2636 EDA 2022, 2023 WL 7323370, at *4 (Pa. Super. filed Nov. 7, 2023) (unpublished mem.).

### DNA Testing

Appellant contends that the PCRA court abused its discretion and committed an error of law when it denied Appellant's request for DNA testing. Appellant's Brief at 32. Specifically, Appellant argues that due to the "questionable testimony of the prosecution witnesses and the unwavering

---

[5] *See* Pa.R.A.P. 126(b) (providing that this Court may cite to non-precedential decisions of this Court filed after May 1, 2019, for their persuasive value).

defense evidence that [Appellant] was not the shooter, the exculpatory results from the DNA testing would undoubtedly establish [Appellant's] innocence and raise serious doubt about the constitutionality of his conviction." *Id.* at 31-32 (citation omitted).

In reviewing Appellant's request for DNA testing, our standard of review is as follows:

> Generally, the trial court's application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law. When reviewing an order denying a motion for post-conviction DNA testing, this Court determines whether the movant satisfied the statutory requirements listed in Section 9543.1. We can affirm the court's decision if there is any basis to support it, even if we rely on different grounds to affirm.

*Commonwealth v. Walsh*, 125 A.3d 1248, 1252-53 (Pa. Super. 2015) (citation omitted).

> Section 9543.1 provides in relevant part:
>
> (1) An individual convicted of a criminal offense in a court of this Commonwealth may apply by making a written motion to the sentencing court at any time for the performance of forensic DNA testing on specific evidence that is related to the investigation or prosecution that resulted in the judgment of conviction.
>
> (2) The evidence may have been discovered either prior to or after the applicant's conviction. The evidence shall be available for testing as of the date of the motion. If the evidence was discovered prior to the applicant's conviction, the evidence shall not have been subject to the DNA testing requested because the technology for testing was not in existence at the time of the trial or the applicant's counsel did not seek testing at the time of the trial in a case where a verdict was rendered on or before January 1, 1995, or the evidence was subject to the testing, but newer technology could provide substantially more accurate and substantially probative results, or the applicant's counsel sought funds from the court to pay for the testing because his client was

- 10 -

indigent and the court refused the request despite the client's indigency.

42 Pa.C.S. § 9543.1(a)(1)-(2).

It is well settled that a request for DNA testing under Section 9543.1 is not subject to the PCRA time bar. *See Commonwealth v. Williams*, 35 A.3d 44, 50 (Pa. Super. 2011). Rather, "DNA testing may be sought at any time if the motion is made in a timely manner and for the purpose of demonstrating the applicant's actual innocence and not to delay the execution of sentence or administration of justice." 42 Pa.C.S. § 9543.1(a)(4); *see also id.* at § 9543.1(d)(1)(iii) (providing that the court shall order DNA testing if the court concludes, among other things, that the motion was made in a timely manner).

"In analyzing timeliness for purposes of Section 9543.1(d)(1)(iii), the court must consider the facts of each case to determine whether the applicant's request for post-conviction DNA testing is to demonstrate his actual innocence or to delay the execution of sentence or administration of justice." *Walsh*, 125 A.3d at 1255 (citation omitted).

Additionally, an individual seeking relief under this statute must present a *prima facie* case demonstrating that the

> (i) identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in applicant's conviction and sentencing; and
>
> (ii) DNA testing of the specific evidence, assuming exculpatory results, would establish:

> (A) the applicant's actual innocence of the offense for which the applicant was convicted[.]

42 Pa.C.S. § 9543.1(c)(3)(i)-(ii)(A); *see also id.* at § 9543.1(d)(1)(iii), (d)(2)(i) (addressing actual innocence requirements).

> Further, this Court has explained that
>
> the mere absence of a defendant's DNA, by itself, does not satisfy the "actual innocence" requirement under section 9543.1(d)(2)(i). Rather, a petitioner must present some quantum of additional evidence in addition to the absence of petitioner's DNA to establish entitlement to relief.
>
> The quantum of evidence necessary to satisfy section 9543.1(d)(2)(i) above and beyond the absence of the applicant's DNA has never been explicitly defined and must be evaluated on a case-by-case basis.

*Commonwealth v. Tyler*, 234 A.3d 750, 754 (Pa. Super. 2020) (citations and footnote omitted).

Further, this Court has stated that this standard requires "a reviewing court to make a probabilistic determination about what reasonable, properly instructed jurors would do, if presented with the new evidence." *Commonwealth v. Conway*, 14 A.3d 101, 109 (Pa. Super. 2011) (citation omitted and formatting altered). To do so, the PCRA court "is required to review not only the motion for DNA testing, but also the trial record, and then make a determination as to whether there is a reasonable possibility that DNA testing would produce exculpatory evidence that would establish petitioner's actual innocence." *Williams*, 35 A.3d at 50 (citation omitted and formatting altered).

Here, the PCRA court reached the following conclusion:

In the present petition, [Appellant] requested that the [PCRA court] order DNA testing of three specific pieces of evidence: (1) "hairs exhibiting [N]egro characteristics" from [the] victim's clothing; (2) "numerous blood samples taken from the crime scene;" and (3) "one black hair, exhibiting Hispanic characteristics." The Commonwealth agreed at least the hairs and the victim's clothing still existed and were available for DNA testing.

The present petition failed to present a *prima facie* case that the DNA testing, assuming exculpatory results, would establish [Appellant's] actual innocence because [Appellant] failed to show a nexus between the samples requested for testing and the perpetrator of the murder. During the trial, the evidence was that the victim, Mr. Cuba, was shot from a distance of three to six feet. There was also no evidence that the shooter sustained any injuries of any kind, so there is no reason to believe that any blood on the scene belonged to the shooter. The evidence further showed that Mr. Cuba fell on the sidewalk near a busy intersection with heavy foot traffic. Therefore, the blood and hairs requested for DNA testing do not necessarily belong to the person who killed Mr. Cuba.

Additionally, the evidence of "hairs exhibiting [N]egro characteristics" was already known to belong to a person of a race different than [Appellant]. Therefore, if DNA test results showed the sample does not match [Appellant], it would have no change in the information available at the time of trial because it was already known that the sample did not match [Appellant].

Moreover, the evidence proving [Appellant] was the perpetrator was not circumstantial. Two eyewitnesses saw [Appellant] arguing with the victim, and then they saw [Appellant] repeatedly shoot the victim. Both witnesses were outside on the same block where the shooting occurred. The shooting occurred at 7:30 in the evening in July – meaning that it was still daylight.

For all these reasons, even if the DNA testing came back with results showing that the blood and hairs at the scene did not come from [Appellant], there is no reasonable possibility that it would establish [Appellant's] innocence. Therefore, pursuant to 42 Pa.C.S. § 9543.1(a)(6)(i) & (c)(3)(ii)(A), [Appellant] is not eligible

for relief under the PCRA for DNA testing, because his petition fails to present a *prima facie* case that the DNA testing, assuming exculpatory results, would establish his actual innocence.

PCRA Ct. Op., 5/26/23, at 5-6 (citations omitted).

Based on our review of the record, we agree with the PCRA court that Appellant failed to present a *prima facie* case that the requested DNA testing would establish his actual innocence. *See Tyler*, 234 A.3d at 754; *Walsh*, 125 A.3d at 1252-53. Indeed, as this Court noted on direct appeal, multiple eyewitnesses saw Appellant shoot the victim while the victim lay on the ground. *See Commonwealth v. Ruiz*, 3182 EDA 2003 at 4 (Pa. Super. filed Sept. 23, 2004) (unpublished mem.).[6] For these reasons, Appellant is not entitled to relief, and we affirm the PCRA court's order denying Appellant's PCRA petition.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/11/2024

---

[6] We may cite to an unpublished memorandum that "recites issues raised and reasons for a decision affecting the same defendant in a prior action or proceeding." Pa.R.A.P. 126(d).

- 14 -